# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF THE PARENTAL RIGHTS AS TO K.A.S., A MINOR CHILD.

No. 73791

CHARLES A.S., A/K/A CHARLES S., A/K/A CHARLES W.,
Appellant,
vs.
ASHLEY M.H.,
Respondent.

FILED

DEC 2 7 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____S. Young_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a pro se appeal from a district court order terminating appellant's parental rights as to his minor child.[1] Second Judicial District Court, Washoe County; Bridget E. Robb, Judge.

To terminate parental rights, the district court must find clear and convincing evidence that (1) at least one ground of parental fault exists, and (2) termination is in the child's best interest. NRS 128.105(1); *In re Termination of Parental Rights as to N.J.*, 116 Nev. 790, 800-01, 8 P.3d 126, 132-33 (2000). Evidence of parental fault may include abandonment, neglect, unfitness, risk of serious injury to the child if the child is returned to the parent, and demonstration of only token efforts. NRS 128.105(1)(b). On appeal, this court reviews questions of law de novo and the district court's factual findings for substantial evidence. *In re Parental Rights as to A.L.*, 130 Nev. 914, 918, 337 P.3d 758, 761 (2014).

---

[1]Pursuant to NRAP 34(f)(3), we have determined that oral argument is not warranted in this appeal.

18-910652

Appellant argues that substantial evidence does not support the district court findings of parental fault or that termination is in the child's best interest. Specifically, he contends that respondent refused to allow him to have a relationship with their child and they had agreed that he would not pay child support while he was incarcerated. He also argues that his incarceration prevented him from communicating with or supporting the child.

We conclude that substantial evidence supports the district court's finding that appellant only made token efforts "to support or communicate with the child." NRS 128.105(1)(b)(6)(I). Appellant admitted that he had no communication with the child for over three years and only made one child support payment after respondent requested he relinquish his parental rights. Additionally, appellant conceded that in three years he spoke on the phone with respondent about 20 times, but never spoke to the child. He never sent the child letters, cards, or gifts. And he asserted that he was waiting to have a relationship with the child until after he was released from prison. Further, the record does not support appellant's argument that respondent prevented him from having a relationship with the child. Even considering the limitations imposed by appellant's incarceration, his actions demonstrate that he only made token efforts to support or communicate with the child. Thus, substantial evidence in the record supports the district court's parental fault finding that appellant made only token efforts.[2]

---

[2]Because only one ground of parental fault is required to support the termination of parental rights, see NRS 128.105(1)(b) (requiring a finding of at least one ground of parental fault), it is unnecessary for us to review the district court's other findings of parental fault.

We further conclude that substantial evidence supports the district court's findings that termination of appellant's parental rights is in the child's best interest. While appellant asserts that respondent's boyfriend who was interested in adopting the child is no longer interested in doing so, nothing in the record supports that argument. Additionally, this court must look at the record at the time the district court entered its order and cannot consider events that may have occurred since that time. The evidence in the record demonstrates that the child believed respondent's boyfriend was his father and that respondent's boyfriend wanted to adopt the child. Thus, substantial evidence supports the district court's finding that termination was in the child's best interest. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[3]

_____, J.
Cherry

_____, J.
Parraguirre

_____, J.
Stiglich

cc:    Hon. Bridget E. Robb, District Judge
       Charles A.S.
       Robert E. Wieland
       Washoe District Court Clerk

---

[3]To the extent appellant's additional arguments are not addressed herein, we have considered them and conclude they do not warrant reversal.